UNITED STATES *v.* NEW YORK MERCHANDISE CO., INC.

No. 4478.—Invoices dated Kobe, Japan, September 14, November 10, 1933.
Certified September 15, November 13, 1933.
Entered at Los Angeles, Calif., October 13, December 5, 1933.
Entry Nos. 2478, 3819.

### Second Division, Appellate Term

(Decided December 20, 1938)

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellant.
*Siegel & Mandell* (*Sidney Mandell* of counsel) for the appellee.

Before TILSON, KINCHELOE, and DALLINGER, Judges

TILSON, Judge: This is an application filed by the Government for a review of a decision of the trial court holding the appraisement of certain sandals to be null and void, because of the failure of the appraiser to comply with section 499 of the Tariff Act of 1930, by opening and examining one package out of every ten packages for the purpose of appraisement. The decision of the trial court granted, in effect, the motion of counsel for appellee for a judgment vacating the appraisements and for a judgment declaring the appraisements

null and void on the ground that the appraiser had failed to examine one out of ten packages as required by section 499.

The judgment of the trial court appears to be supported by the facts of record and all the decisions on the subject. The appellant's own evidence shows that in one lot of 100 cases only 3 cases were actually opened and examined and that as to the remaining 97 cases the marks and numbers were merely checked, and that as to the other lot of 86 cases only 6 were actually opened and examined, and that as to the remaining 80 cases the marks and numbers were merely checked. Counsel for the appellee confined his claims solely to the question of whether or not there had been a legal appraisement.

Counsel for appellant has filed ten assignments of error, all of which we have considered, and to a few of which we shall specifically refer. In No. 3 counsel for appellant alleges that the lower court erred:

In finding and holding in effect that it is necessary to examine and open packages designated for examination on the wharf, and that it was improper for the appraiser merely to make a check of the marks and numbers of packages so designated, and in not finding and holding to the contrary.

This assignment of error is fully answered by the statute, section 499 of the Tariff Act of 1930, when considered in the light of the evidence hereinbefore set out. We quote the following from said section:

* * * The collector shall designate the packages or quantities covered by any invoice or entry which are to be *opened* and *examined* for the purpose of appraisement or otherwise * * * Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated * * *. [Italics ours.]

Counsel for the appellant would have us construe the above as though it were written:

The collector shall designate the packages or quantities covered by any invoice or entry which are to be *merely checked as to the marks and numbers of packages.* Not less than one package of every invoice and *not less than three packages of every 100 packages and not less than 6 packages of every 86 packages of merchandise shall be so designated.*

In the framing of said section 499 we must assume that the Congress meant exactly what it says, no more and no less, since there appears to be no ambiguity in the language used. Our views with reference to the construction contended for by counsel for appellant are aptly expressed by the Supreme Court of the United States in the case of *Board of Lake County Commissioners* v. *Rollins*, 130 U. S. 662, 32 L. Ed. 1060, as follows:

We are unable to adopt the constructive interpolations ingeniously offered by counsel for defendant in error. Why not assume that the framers of the Constitution, and the people who voted it into existence, meant exactly what it says? At the first glance, its reading produces no impression of doubt as to the meaning.

It seems all sufficiently plain; and in such case there is a well settled rule which we must observe. The object of construction, applied to a Constitution, is to give effect to the intent of its framers, and of the people in adopting it. This intent is to be found in the instrument itself; and when the text of a constitutional provision is not ambiguous, the courts, in giving construction thereto, are not at liberty to search for its meaning beyond the instrument.

To get at the thought or meaning expressed in a statute, a contract, or a Constitution, the first resort, in all cases, is to the natural signification of the words, in the order of grammatical arrangement in which the framers of the instrument have placed them. If the words convey a definite meaning, which involves no absurdity nor any contradition of other parts of the instrument, then that meaning, apparent on the face of the instrument, must be accepted, and neither the courts nor the Legislature have the right to add to it or take from it.

To the same effect is assignment of error No. 4, except it is stated in reverse order, as follows:

In not finding and holding that, since the court found that the merchandise was all of the same general character, and since three packages out of 100 on one invoice, and six out of 86 on the other, were designated to be examined at the appraiser's stores, while the balance in each case was designated as a whole to be examined on the wharf, where the said packages were examined by making a check of the marks and numbers, such designation and examination was within the law, as contemplated by Congress, because of the importer's concession, conceding the correctness of the appraised values, both for the regular duty purposes and dumping duties.

Our observations with reference to assignment of error No. 3 are equally applicable to assignment of error No. 4, with the additional statement that at no time, according to the record, did importer's counsel concede the correctness of the appraised values, either for regular duty purpose or dumping duties.

Assignment of error No. 5 alleges that the trial court erred:

In not finding and holding that in such a case it was the intent of Congress not to declare an appraisal null and void, for failure to designate and examine one out of 10 packages, as is exemplified by the recent enactment by Congress of the Customs Administrative Act of 1938.

If the Customs Administrative Act of 1938 exemplifies anything it is a clear recognition by the Congress of the binding effect of the decisions of this court and the Court of Customs and Patent Appeals upon which the trial court based its decision in this case, all of which have a direct bearing upon and are controlling of the issue in this case, and the Customs Administrative Act of 1938 has no effect upon or relation to the issue in this case.

In assignment of error No. 7, counsel for appellant complains of the action of the trial court in not finding and holding that it was not the intent of the Congress unjustly to enrich an importer, when he concedes his invoiced and entered values do not represent the dutiable value of the merchandise, and when he concedes that the appraised values, both for regular duty and dumping duty purposes, represent the correct dutiable values of the merchandise.

Again it may be pointed out that at no place in the record before us does it appear that counsel for appellee conceded that the invoiced and entered values do not represent the dutiable values of the merchandise, nor does it appear in this record that counsel for appellee conceded that the appraised values, both for regular duty and dumping duty purposes, represent the correct dutiable values of the merchandise. In his brief filed herein, counsel for appellant states:

We contend that the importer herein should not be unjustly enriched under the circumstances of this case, to the detriment, not only of the United States, but of the competitors of the said importer.

So far as we are able to determine from the record before us the proper dutiable values of this merchandise are the entered and invoiced values. Certainly nothing is shown to the contrary, and when the contrary is established would appear to be ample time within which to advance contentions concerning unjust enrichment. Certain it is that if in this case there be any unjust enrichment of the importer, the responsibility therefor must be placed at the door of the appellant herein, and not charged to the importer. Had the appraiser complied with the plain mandate of the statute, as judicially construed in the case of *United States* v. *Davis*, 20 C. C. P. A. 305, T. D. 46087, and the authorities therein cited, upon which the trial court based its decision, no question of a null and void appraisement could have been presented by this case. Any attempt to belittle, condemn, or criticize the importer in this case in this court for the failure of the appraiser to obey and follow the plain statute cannot be looked upon with favor.

What has been said with reference to those assignments of error specifically mentioned, might, with appropriate changes and modifications, be said with reference to the other assignments of error.

After a careful consideration of the record in this case, we find as matter of fact that the appraiser did not comply with section 499 of the Tariff Act of 1930 in that he did not open and examine one package of every ten packages of the imported merchandise. We therefore hold, under the authority cited above, that the attempted appraisements of the merchandise are null and void and of no effect. The judgment of the trial court granting the motion of counsel for appellee for a judgment declaring the appraisements null and void is therefore affirmed. Judgment will be rendered accordingly.